UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESLEY BOLEWARE, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | No. No. 4:15-cv-02875 |
| v. | § § § | JURY TRIAL DEMANDED |
| SEADRILL AMERICAS, INC., | § § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Wesley Boleware (referred to as "Plaintiff" or "Boleware") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Seadrill Americas, Inc. (referred to as "Defendant" or "Seadrill Americas").  In support thereof, he would respectfully show the Court as follows:

### I.  Nature of Suit

1.      Boleware's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ."  29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime



EXHIBIT
A

pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3.      Seadrill Americas violated the FLSA by employing Boleware and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1). Specifically, Seadrill Americas did not pay its hourly shift employees for all hours worked.

4.      Seadrill Americas violates the FLSA by failing to maintain accurate time and pay records for Boleware and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.      Boleware brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Seadrill resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Boleware's claims occurred in the Houston Division of the Southern District of Texas.

### III. Parties

8.      Boleware is an individual who resides in Rutherford County, Tennessee and who has been employed by Seadrill Americas during the last three years.

9.      Seadrill Americas, Inc. is a Texas corporation that has been served with process and has appeared.

10.     Whenever it is alleged that Seadrill Americas, Inc. committed any act or omission, it is meant that the Seadrill Americas, Inc.'s officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Seadrill Americas or was done in the routine and normal course and scope of employment of Seadrill Americas' officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

11.     Seadrill Americas is engaged in the business of offshore deepwater drilling; it does business in the territorial jurisdiction of this Court.

12.     Boleware has been employed with Seadrill Americas since October 17, 2014, initially as a roustabout; he was thereafter promoted to roughneck.

13.     During Boleware's employment with Seadrill, he was engaged in commerce or the production of goods for commerce.

14.     During Boleware's employment with Seadrill, the company was an enterprise engaged in commerce because it (1) has employees engaged in commerce

or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) has an annual gross volume of sales made or business done of at least $500,000.

15.     Seadrill Americas pays Boleware on an hourly basis.

16.     Boleware regularly works in excess of forty hours per week.

17.     Seadrill Americas knows or reasonably should know that Boleware works in excess of forty hours per week.

18.     Seadrill Americas does not pay Boleware overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

19.     Instead, Seadrill Americas refused to pay Boleware for all hours worked and to count that time towards its statutory overtime obligations under 29 U.S.C. § 207 (i.e., they required Plaintiff to work "off-the-clock").

20.     By way of example, Seadrill Americas did not pay Boleware for (or count towards its statutory overtime obligations) the following compensable time:

      a.  pre-shift (also known as "pre-tower") safety meetings, which normally lasted at least 30 minutes;

      b.  weekly safety meetings, which normally lasted between 45 minutes and 60 minutes;

      c.  shift changes; and

      d.  fire drills.

21.     As a result of these failures, Seadrill Americas did not pay Boleware overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1).

22.     Seadrill fails to maintain accurate time and pay records for Boleware as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

23.     Seadrill knows or shows reckless disregard for whether its pay practices violate the FLSA.

24.     Seadrill is liable to Boleware for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

25.     All roustabouts, assistant crane operators, roughnecks, assistant drillers, drillers, storekeepers, motormen, mechanics, senior mechanics, assistant derrickmen, assistant technical section leaders, seamen, marine section leaders, engine room operators, senior engine room operators, senior electricians, ab seamen, subsea trainees, medics, safety officers, dynamic positioning officers, drilling optimizers, electronics technicians, senior electronics technicians and all other nonexempt rig workers employed by Seadrill are similarly situated to Boleware because they (1) have similar job duties; (2) are and were required to report to work and attend the mandatory pre-shift meetings, but were not compensated for their time; (3) regularly work in excess of forty hours per week; (4) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (5) are entitled to recover their unpaid

overtime wages, liquidated damages and attorneys' fees and costs from Seadrill pursuant to 29 U.S.C. § 216(b).

### V.  Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)

26.    Boleware adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

27.    As an employee with Seadrill, Boleware is a nonexempt employee.

28.    As a nonexempt employee, Seadrill is legally obligated to pay Boleware "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

29.    Seadrill does not pay Boleware overtime as required by 29 U.S.C. § 207(a)(1) for the hours he works in excess of forty per week.

30.    Instead, Seadrill Americas refused to pay Boleware for all hours worked and to count that time towards its statutory overtime obligations under 29 U.S.C. § 207 (i.e., they required Plaintiffs to work "off-the-clock").

31.    By way of example, Seadrill Americas did not pay Boleware for (or count towards its statutory overtime obligations) the following compensable time:

    a.  pre-shift (also known as "pre-tower") safety meetings, which normally lasted at least 30 minutes;

    b.  weekly safety meetings, which normally lasted between 45 minutes and 60 minutes;

    c.  shift changes; and

    d.  fire drills.

32.     As a result of these failures, Seadrill Americas did not pay Boleware overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1).

33.     If Seadrill Americas classified Boleware as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

34.     Seadrill knows or shows a reckless disregard for whether its pay practices violate the overtime requirements of the FLSA.  In other words, Seadrill Americas willfully violates the overtime requirements of the FLSA.

### VI.  Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

35.     Boleware adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

36.     The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

37.     In addition to the pay violations of the FLSA described above, Seadrill Americas also fails to keep proper time and pay records as required by the FLSA.

### VII.  Count Three—Collective Action Allegations

38.     Boleware adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

39.     On information and belief, other employees have been victimized by Seadrill's violations of the FLSA identified above.

40.     These employees are similarly situated to Boleware because, during the relevant time period, they held similar positions, were frequently required to work off-the-clock, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

41.     Seadrill's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

42.     Since, on information and belief, Boleware's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

43.     All employees of Seadrill Americas, Inc., regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.   Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.   The Class is therefore properly defined as:

> All roustabouts, assistant crane operators, roughnecks, assistant drillers, drillers, storekeepers, motormen, mechanics, senior mechanics, assistant derrickmen, assistant technical section leaders, seamen, marine section leaders, engine room operators,   senior engine room operators, senior electricians,

ab seamen, subsea trainees, medics, safety officers, dynamic positioning officers, drilling optimizers, electronics technicians, senior electronics technicians and all other nonexempt rig workers employed by Seadrill Americas, Inc. during the last three years.

44.     Seadrill Americas, Inc. is liable to Boleware and the other roustabouts, assistant crane operators, roughnecks, assistant drillers, drillers, storekeepers, motormen, mechanics, senior mechanics, assistant derrickmen, assistant technical section leaders, seamen, marine section leaders, engine room operators,  senior engine room operators, senior electricians, ab seamen, subsea trainees, medics, safety officers, dynamic positioning officers, drilling optimizers, electronics technicians, senior electronics technicians workers and all other nonexempt rig workers for the difference between what it actually paid them and what it was legally obligated to pay them.

45.     Because Seadrill Americas, Inc. knows and/or shows a reckless disregard for whether its pay practices violate the FLSA, the company owes Boleware and the other roustabouts, assistant crane operators, roughnecks, assistant drillers, drillers, storekeepers, motormen, mechanics, senior mechanics, assistant derrickmen, assistant technical section leaders, seamen, marine section leaders, engine room operators, senior engine room operators, senior electricians, ab seamen, subsea trainees, medics, safety officers, dynamic positioning officers, drilling optimizers, electronics technicians, senior electronics technicians and all other nonexempt rig workers their unpaid overtime wages for at least the last three years.

46.     Seadrill Americas, Inc. is liable to Boleware and the other roustabouts, assistant crane operators, roughnecks, assistant drillers, drillers, storekeepers, motormen, mechanics, senior mechanics, assistant derrickmen, assistant technical section leaders, seamen, marine section leaders, engine room operators,   senior engine room operators, senior electricians, ab seamen, subsea trainees, medics, safety officers, dynamic positioning officers, drilling optimizers, electronics technicians, senior electronics technicians and all other nonexempt rig workers in an amount equal to their unpaid overtime wages as liquidated damages.

47.     Seadrill is liable to Boleware and the other roustabouts, assistant crane operators, roughnecks, assistant drillers, drillers, storekeepers, motormen, mechanics, senior mechanics, assistant derrickmen, assistant technical section leaders, seamen, marine section leaders, engine room operators,  senior engine room operators, senior electricians, ab seamen, subsea trainees, medics, safety officers, dynamic positioning officers, drilling optimizers, electronics technicians, senior electronics technicians and all other nonexempt rig workers for their reasonable attorneys' fees and costs.

48.     Boleware  has  retained  counsel  who  are  well  versed  in  FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

49.     Boleware demands a trial by jury.

## IX.  Prayer

50.    Boleware prays for the following relief:

    a.  an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b.  judgment awarding Boleware and the other roustabouts, assistant crane operators, roughnecks, assistant drillers, drillers, storekeepers, motormen, mechanics, senior mechanics, assistant derrickmen, assistant technical section leaders, seamen, marine section leaders, engine room operators,  senior engine room operators, senior electricians, ab seamen, subsea trainees, medics, safety officers, dynamic positioning officers, drilling optimizers, electronics technicians, senior electronics technicians workers, and all other nonexempt rig workers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    c.  prejudgment interest at the applicable rate;

    d.  postjudgment interest at the applicable rate;

    e.  incentive awards for any class representative(s); and

    f.  all such other and further relief to which Boleware and the other roustabouts, assistant crane operators, roughnecks, assistant drillers, drillers, storekeepers, motormen, mechanics, senior mechanics, assistant derrickmen, assistant technical section leaders, seamen, marine section leaders, engine room operators,  senior engine room operators, senior electricians, ab seamen, subsea trainees, medics, safety officers, dynamic positioning officers, drilling optimizers, electronics technicians, senior electronics technicians and all other nonexempt rig workers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____

Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Rochelle Owens
State Bar No. 24048704
Federal Id. No. 590507
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF§**

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was forwarded to all counsel of record on the 14th day of December 2016 via the Court's CM/ECF system.

_____
Melissa Moore