UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESLEY BOLEWARE, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § § | No. No. 4:15-cv-02875 |
| v. | § § | JURY TRIAL DEMANDED |
| SEADRILL AMERICAS, INC., | § § | |
| Defendant. | § | |

### DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Seadrill Americas, Inc. ("Defendant") files its Original Answer to the First Amended Complaint (the "First Amended Complaint") filed by Plaintiff Wesley Boleware ("Plaintiff") and would respectfully show the Court the following:

Defendant admits that Plaintiff filed this collective action lawsuit on behalf of himself and all other allegedly similarly situated employees to recover purportedly unpaid overtime wages from Defendant, but Defendant denies that it is liable to Plaintiff or any of the individuals he purports to represent for any unpaid overtime wages or other damages, as alleged in the preliminary paragraph of Plaintiff's First Amended Complaint. Defendant further denies that this matter is proper for a collective action or that Plaintiff is similarly situated to the individuals he purports to represent. Defendant further denies that it violated the FLSA with respect to Plaintiff or any of the individuals he purports to represent. Defendant denies all other allegations in the preliminary paragraph of Plaintiff's First Amended Complaint.

## I. Nature of Suit

1.  Defendant admits that Plaintiff purports to bring this action under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"). Defendant denies all remaining allegations in paragraph 1 of the First Amended Complaint.

2.  The statements in paragraph 2 of the First Amended Complaint contain only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 2 of the First Amended Complaint.

3.  Defendant denies the allegations in paragraph 3 of the First Amended Complaint.

4.  Defendant denies the allegations in paragraph 4 of the First Amended Complaint.

5.  Defendant admits that Plaintiff purports to bring this lawsuit under the FLSA on behalf of himself and all other allegedly similarly situated employees to recover allegedly unpaid overtime wages. Defendant denies that this matter is proper for a collective action or that Plaintiff is similarly situated to the individuals he purports to represent. Defendant denies that Plaintiff, or any of the individuals he purports to represent, are entitled to any unpaid overtime wages or other damages. Defendant further denies that it violated the FLSA with respect to Plaintiff or any of the individuals he purports to represent. Defendant denies all remaining allegations in paragraph 5 of the First Amended Complaint

## II. Jurisdiction & Venue

6.  Defendant admits that the Court has original jurisdiction over actions arising under the FLSA. Defendant denies all remaining allegations in paragraph 6 of the First Amended Complaint.

7. Defendant admits that venue is proper in the Houston Division of the Southern District of Texas because this is the District and Division in which the Defendant resides. Defendant denies all other allegations in paragraph 7 of the First Amended Complaint.

### III. Parties

8. Defendant admits that Plaintiff was employed by Defendant for more than one period of employment during the last three years. Defendant is without sufficient knowledge or information to admit or deny the allegations in paragraph 8 of the First Amended Complaint regarding Plaintiff's current residence, and therefore, Defendant denies all such allegations. Defendant denies all remaining allegations in paragraph 8 of the First Amended Complaint.

9. Defendant admits the allegation in paragraph 9 of the First Amended Complaint. Defendant may be served in this action through the undersigned counsel of record.

10. The statements in paragraph 10 of the First Amended Complaint contain legal conclusions, assumptions and/or assertions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 12 of the First Amended Complaint.

### IV. Facts

11. Defendant admits that it provides advisory, technical and administrative services for affiliated companies of the Seadrill group of companies that perform offshore deepwater oil and gas drilling activities in the U.S. and Canada. Defendant further admits that it does business in the territorial jurisdiction of this Court. Defendant denies all remaining allegations in paragraph 11 of the First Amended Complaint.

12. Defendant admits that one of Plaintiff's periods of employment with Defendant began on or about October 17, 2014 through the date of this answer, and that Plaintiff has been

employed as a roustabout and a roughneck. Defendant denies all the remaining allegations in paragraph 12 of the First Amended Complaint.

13. Defendant admits the allegations in paragraph 13 of the First Amended Complaint.

14. Defendant admits the allegations in paragraph 14 of the First Amended Complaint.

15. Defendant admits the allegations in paragraph 15 of the First Amended Complaint.

16. Defendant admits that Plaintiff has worked more than 40 hours in one or more workweeks. Defendant denies all remaining allegations in paragraph 16 of the First Amended Complaint.

17. Defendant admits that it is aware that Plaintiff worked more than 40 hours in one or more workweeks, but Defendant denies all other allegations in paragraph 17 of the First Amended Complaint.

18. Defendant denies the allegations in paragraph 18 of the First Amended Complaint.

19. Defendant denies the allegations in paragraph 19 of the First Amended Complaint.

20. Defendant denies the allegations in paragraph 20 of the First Amended Complaint.

21. Defendant denies the allegations in paragraph 21 of the First Amended Complaint.

22. Defendant denies the allegations in paragraph 22 of the First Amended Complaint.

23. Defendant denies the allegations in paragraph 23 of the First Amended Complaint.

24. Defendant denies the allegations in paragraph 24 of the First Amended Complaint.

25. Defendant denies the allegations in paragraph 25 of the First Amended Complaint.

**V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

26. Defendant incorporates herein by reference all of its answers and responses in the foregoing paragraphs 1-25, as if set forth fully herein, in response to the allegations in paragraph 26 of the First Amended Complaint.

27. Defendant admits the allegations in paragraph 27 of the First Amended Complaint.

28. The statements in paragraph 28 of the First Amended Complaint contain legal conclusions, assumptions and/or assertions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 28 of the First Amended Complaint.

29. Defendant denies the allegations in paragraph 29 of the First Amended Complaint.

30. Defendant denies the allegations in paragraph 30 of the First Amended Complaint.

31. Defendant denies the allegations in paragraph 31 of the First Amended Complaint.

32. Defendant denies the allegations in paragraph 32 of the First Amended Complaint.

33. Defendant denies the allegations in paragraph 33 of the First Amended Complaint.

34. Defendant denies the allegations in paragraph 34 of the First Amended Complaint.

## VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

35. Defendant incorporates herein by reference all of its answers and responses in the foregoing paragraphs 1-34, as if set forth fully herein, in response to the allegations in paragraph 35 of the First Amended Complaint.

36. The statements in paragraph 36 of the First Amended Complaint contain only legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in paragraph 36 of the First Amended Complaint.

37. Defendant denies the allegations in paragraph 37 of the First Amended Complaint.

## VII. Count Three—Collective Action Allegations

38. Defendant incorporates herein by reference all of its answers and responses in the foregoing paragraphs 1-37, as if set forth fully herein, in response to the allegations in paragraph 38 of the First Amended Complaint.

39. Defendant denies the allegations in paragraph 39 of the First Amended Complaint.

40. Defendant denies the allegations in paragraph 40 of the First Amended Complaint.

41. Defendant denies the allegations in paragraph 41 of the First Amended Complaint.

42. Defendant denies the allegations in paragraph 42 of the First Amended Complaint.

43. Defendant denies the allegations in paragraph 43 of the First Amended Complaint.

44. Defendant denies the allegations in paragraph 44 of the First Amended Complaint.

45. Defendant denies the allegations in paragraph 45 of the First Amended Complaint.

46. Defendant denies the allegations in paragraph 46 of the First Amended Complaint.

47. Defendant denies the allegations in paragraph 47 of the First Amended Complaint.

48. Defendant is without knowledge or information sufficient to admit or deny the allegations in paragraph 48 with respect to the FLSA experience of the counsel retained by Plaintiff or such counsels' intent to litigate this matter vigorously, and therefore, Defendant denies all such allegations. Defendant denies all remaining allegations in paragraph 48 of the First Amended Complaint.

### VIII. Jury Demand

49. Defendant admits that Plaintiff demands a jury trial in paragraph 49 of the First Amended Complaint.

### IX. Prayer

50. With respect to the "Prayer" section of the First Amended Complaint set forth in items (a)–(f) of paragraph 50 of the First Amended Complaint, Defendant admits that Plaintiff seeks various recoveries against Defendant on behalf of himself and the proposed class, as defined by Plaintiff, but denies that Plaintiff or the proposed class, as defined by Plaintiff, is entitled to any relief whatsoever, and further denies that any just or proper basis exists for awarding relief against Defendant and in favor of Plaintiff or the proposed class, as defined by Plaintiff.

### X.   DEFENSES AND AFFIRMATIVE DEFENSES

51. Each defense and affirmative defense is made without admitting the burden of proof and is stated in the alternative and exists separately from all other defenses and affirmative defenses.

52. To the extent that this matter is allowed to proceed as a collective action, which Defendant denies is appropriate, all defenses and affirmative defenses asserted in this Answer are intended to apply and do apply to all proposed class members, as defined by Plaintiff.

53. Plaintiff has failed to identify a proper putative class and has failed to define the putative class with sufficient particularity.

54. This action may not proceed as a collective action under the FLSA because all of the requirements of 29 U.S.C. § 216 for a collective action have not been and cannot be satisfied.

55. A class or collective action is inappropriate because Plaintiff is not similarly situated to the proposed class, as defined by Plaintiff, and the proposed class members, as defined by Plaintiff, are not similarly situated to each other.

56. Plaintiff is not a proper representative of the purported class Plaintiff seeks to represent, and the purported class is not a class that can properly be certified in this action.

57. Plaintiff's claims are not proper for class certification because Plaintiff, as the representative party, will not fairly and adequately protect the interests of the proposed class, as defined by Plaintiff.

58. Plaintiff's claims are not proper for class certification because the questions of law or fact that allegedly are common to the proposed class, as defined by Plaintiff, will not predominate over any questions affecting only individual members of the proposed class, as defined by Plaintiff.

59. Plaintiff's claims are not proper for class certification because a collective action is not superior to other available methods for fair and efficient adjudication of this controversy.

60. Plaintiff's claims are barred, in whole or in part, by his exempt status under the administrative, executive, and/or highly compensated employee exemptions and/or the seaman exemption under the FLSA and/or its implementing regulations, 29 U.S.C. § 213(a)(1); 29 C.F.R. § 541.601; 29 U.S.C. § 213(b)(6), to which the facts may prove applicable on an individual basis.

61. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks compensation for activities that are either preliminary or postliminary activities that are not integral and indispensable to Plaintiff's principal work activities.

62. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks compensation for hours worked and for which Defendant already compensated Plaintiff.

63. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks compensation for hours worked by Plaintiff while outside of the geographic scope covered by the FLSA.

64. Plaintiff's claims are barred, in whole or in part, to the extent the amount of alleged unpaid overtime was *de minimis*.

65. Plaintiff's claims are barred, in whole or in part, by the applicable two (2) year statute of limitations, 29 U.S.C. § 255(a).

66. Plaintiff's claims are barred, in whole or in part, by the applicable three (3) year statute of limitations, 29 U.S.C. § 255(a).

67. Defendant did not willfully violate the FLSA with respect to Plaintiff or any other individual. No action taken by Defendant with respect to Plaintiff constitutes willful, knowing or reckless disregard of their rights under law.

68. Plaintiff is not entitled to any liquidated damages because Defendant acted in good faith and had reasonable grounds for believing that any alleged acts or omissions did not violate the FLSA.

69. Plaintiff's claims are barred in whole or in part because any action taken by Defendant in connection with Plaintiff's compensation was done in good faith conformance with and reliance upon written and/or other administrative regulations, orders, rulings, approvals, interpretations, practices, or enforcement policies of the Wage and Hour Division of the United States Department of Labor and other related administrative agencies.

70. To the extent Plaintiff seeks remedies against Defendant beyond those available under the statute upon which Plaintiff's claims are based, such remedies are improper.

71.     Defendant reserves the right, upon completion of its investigation and discovery, to file such additional defenses as may be appropriate.

## XI.     CONCLUSION

72.     WHEREFORE, Seadrill Americas, Inc., prays that the Court dismiss Plaintiff's First Amended Complaint, that Plaintiff take nothing by this suit, that all relief prayed for by Plaintiff in this action be denied, that Defendant recover all costs of court, and that Defendant have such other and further relief, general and special, legal and equitable, to which it may be entitled.

Dated: December 22, 2016

Respectfully submitted,

LOCKE LORD LLP

By: *David M. Gregory*
DAVID M. GREGORY
Texas Bar No. 24007274
S.D. Tex. ID No. 24397
600 Travis, Suite 2800
Houston, Texas 77002
(713) 226-1200 (Telephone)
(713) 223-3717 (Facsimile)
dgregory@lockelord.com

ATTORNEY-IN-CHARGE FOR
DEFENDANT SEADRILL AMERICAS, INC.

OF COUNSEL:

SARA C. LONGTAIN
State Bar No. 24052173
Southern District ID No. 891047
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1346 (Telephone)
(713) 229-2581 (Facsimile)
slongtain@lockelord.com

KATHERINE G. CISNEROS
State Bar No. 240945914
Southern District ID No. 2717699
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1616 (Telephone)
(713) 229-2662 (Facsimile)
katherine.cisneros@lockelord.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of December, 2016, a true and correct copy of the above and foregoing instrument was served upon the following counsel of record via the court's CM/ECF e-filing system:

Melissa Moore
Rochelle Owens
Curt Hesse
Moore & Associates
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002

/s/ Sara C. Longtain
Sara C. Longtain